IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

THE UNITED STATES OF AMERICA,

               Plaintiff,                      Case No 1:24-CR-00007-HYJ

V                                           HON. HALA Y. JARBOU

RICHARD ANTHONY DENSMORE,

               Defendant.

## DEFENDANT RICHARD DENSMORE'S MEMORANDUM IN SUPPORT OF MOTION FOR VARIANCE AND SENTENCING.

Now Comes Defendant Richard Densmore, by and through Counsel, Christopher M. Gibbons of the Law Offices of Gibbons & Boer and in support of the Sentencing hearing scheduled for November 7, 2024 at 10:00 a.m. submits the following:

**OVERVIEW**

On January 23, 2024, a five count Indictment was filed alleging that Mr. Densmore had engaged in the sexual exploitation of a child and other illegal activities relating to the use of the computer to acquire and possess child pornography. Mr. Densmore appeared for arraignment and ultimately was detained for the duration of these proceedings.

On July 18, 2024, Mr. Densmore appeared with instant counsel and plead guilty to Count I of the Indictment, pursuant to a Plea Agreement. The Plea Agreement provides that Mr. Densmore would enter a guilty plea to Count 1, and in return the Government would move for the

dismissal of the remaining counts contained in the Indictment.   This is the single charge that Mr. Densmore will be sentenced on in this case.  This charge carries a minimum sentence of 15 years (180 months) and a maximum sentence of 30 years (360 months).

The matter was taken under advisement for the determination of the Court.  This case was referred to the U.S. Probation and Pretrial Services office for the preparation of a Pre-Sentence Investigation Report.  Mr. Densmore participated in an initial interview in support of the making of the report.  Mr. Densmore was afforded an opportunity to review both the initial and final report with counsel and was afforded the opportunity to consult with counsel regarding the same.

### THE PRESENTENCE INVESTIGATION REPORT

Mr. Densmore has been provided with the provisional and final Presentence Investigation Reports. Mr. Densmore was offered the opportunity to, and did, freely comment on the contents and substance of the Report.  Mr. Densmore raises a single "pro forma" objection to the report.

To this end, Mr. Densmore directs the Court's attention to ¶41 of the Presentence Investigation Report, wherein the author of the report applies a 5-level enhancement to the applicable base offense level in this case, pursuant to USSG §4B1.5(b)(1).  For reasons discussed below in the context of a request for a variance and given that the enhancement has been the subject rulings in the 6th Circuit and in other circuits, the extent of the "pattern" enhancement may be more clearly defined in later applications, Mr. Densmore raises an objection to the application of the 5-level enhancement in this case.  It is conceded that the enhancement appears to apply, given the language provided in §4B1.5(b)(1).  However, Mr. Densmore advances an objection for the purpose of preserving his right to appellate review if the law should develop in a manner more favorable to his interests.  While it appears to counsel that an argument for variance is the most

appropriate avenue of relief, given the severity of the enhancement, counsel is reluctant to outright waive all objection to the application of the enhancement pursuant to USSG §5B1.5(b)(1).

In addition to the addition of the five-level enhancement proposed ¶41 of the Presentence Investigation Report, three other enhancements are proposed.  ¶34 advances a 2-level enhancement as the offense of conviction involves the commission of a sexual act by a minor. ¶35 advances a 2-level enhancement for the distribution of child pornography.  ¶36 advances a 2-level enhancement for using a computer to entice or solicit sexually explicit conduct from a minor.  As to each of these enhancements, the law is settled.  These enhancements clearly apply in this case based upon the evidence the Government has advanced in this discovery and based upon the admission of Mr. Densmore.

Mr. Densmore has no scorable criminal history.  The attempted CSC 4th degree state charge that occurred in 1996, some 28 years ago, was diverted under the terms of the Holmes Youthful Trainee Act.  Mr. Densmore indicates that he successfully completed the 1-years' probation, and the case was dismissed.  Mr. Densmore properly presents with a criminal history score of zero, which places him in Criminal History Category I.

In the event the Court should grant the objection to the §4B1.5(b)(1) 5-level enhancement, Mr. Densmore's recommended guideline range would by Criminal History Category 1, Net Offense Level 35 (168 -210 months).  The range proposed in the Presentence Investigation Report is 292-365 months.

## THE 18 USC §3553(A) FACTORS

## REQUEST FOR VARIANCE

In approaching the determination of an appropriate sentence in any particular case, the Court should first apply the sentencing guidelines and correctly calculate the guideline range. *Gall v*

*United States,* 525 U.S. 38 (2007), wherein the Supreme Court stated that the district court should begin all sentencing proceedings by correctly calculating the applicable guideline range, and that "to secure nationwide consistency, the Guidelines should be the starting point and initial benchmark".

The Court should then weigh the propriety of the provisional guideline range against the factors enumerated in 18 U.S.C. §3553(a).  After considering the advisory range, the positions of the parties, and the §3553(a) factors, a sentencing court is to impose a sentence that is sufficient, but not greater than necessary, to achieve the purposes of sentencing.

**1. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant.**

Mr. Densmore has freely admitted his wrongdoing in this case.  He has not minimized the extent and wrongfulness of his conduct.  Mr. Densmore has had a lifelong struggle with mental illness, anxiety and depression. He was honorably discharged from the Military (Exhibit A) and had been receiving Veterans disability benefits. Mr. Densmore was divorced but maintained a close relationship with his ex-wife throughout his adult life.  Mr. Densmore advises that following her death from cancer, he lost a person in his life who served as an anchor.  As evidenced by the letters of support offered by Mr. Densmore's family, Mr. Densmore was a person who kept to himself and was socially isolated.  Unfortunately, Mr. Densmore found an outlet for this behavior via the internet. In addition to engaging in self-harm, Mr. Densmore shared that activity and interest with others in chat groups and forums online.  He also engaged in prohibited sexual conduct as a part of this online activity.   Mr. Densmore acknowledges that he engaged the participation of minors in pursuit of activities.  It is for this behavior that Mr. Densmore finds himself convicted and present for sentencing before this Court.

Defendant Richard Densmore has filed, along with this sentencing memorandum, a motion for a downward variance from the sentencing guidelines. Because the offense of conviction falls under the umbrella of the production of child pornography it necessarily draws multiple enhancements: two points for involving a sexual act; two points for distribution; two points for the use of a computer; and an additional five-point enhancement pursuant to §4B1.5(b) for a "pattern of prohibited sexual conduct".

Because of the significant base offense level, 32, and the numerous additional enhancements, six points, to also include the additional five points is unnecessary in order achieve a just and proportionate sentence in this matter. The enhancement in §4B1.5(b) was enacted to ensure lengthy sentences for individuals that represent a continuing danger to the public. With the exception of an expunged conviction as a teenager, the Defendant does not have any prior arrests or convictions for any criminal conduct, sexual or otherwise.

The applicable guideline provision provides:

(b) In any case in which the defendant's instant offense of conviction is a covered sex crime, neither §4B1.1 nor subsection (a) of this guideline applies, and the defendant engaged in a pattern of activity involving prohibited sexual conduct:
(1) The offense level shall be **5** plus the offense level determined under Chapters Two and Three. However, if the resulting offense level is less than level **22**, the offense level shall be level **22**, decreased by the number of levels corresponding to any applicable adjustment from §3E1.1.

Following the guideline, in the commentary and application notes, the following application note states:

Application of Subsection (b)

(A) Definition.—For purposes of subsection (b), "*prohibited sexual conduct*" means any of the following: (i) any offense described in 18 U.S.C. § 2426(b)(1)(A) or (B); (ii) the production of child pornography; or (iii) trafficking in child pornography only if, prior to the commission of the instant offense of conviction, the defendant sustained a felony conviction for that trafficking in child pornography. It does not include receipt or possession of

child pornography. "*Child pornography*" has the meaning given that term in 18 U.S.C. § 2256(8).

Assuming that the Defendant's conviction falls under the second tier, the "production of child pornography", as the commentary does not contain a reference to the specific statutory offenses, the only remaining question is the requirement that the Defendant engage in a "pattern of activity" within the meaning of the guideline. Amendment 615 (2001) to the guideline provides some guidance in the application of the enhancement and the meaning of the term "pattern of activity" stating,

> This part of the guideline does not rely on prior convictions to increase the penalty for those who have a pattern of activity of sexual abuse or exploitation of a minor. The pattern of activity enhancement requires that the defendant engaged in prohibited sexual conduct on at least two separate occasions and that at least two minors were victims of the sexual conduct.

There is no dispute that during this period of the Defendant's life that multiple parties, including minors, the Defendant, and other adults, were all participating in online server groups that were intentionally engaging in and celebrating self-harm and the sexual exploitation of children. There is also little or no dispute that the Defendant engaged in most of this conduct from his personal smart phone. While this Court clearly has a procedural basis for the application of all the enhancements, including the additional five "pattern of activity" points, the application of these enhancements drives guidelines that exceed the statutory maximum sentence. This suggests that the sentencing outcome is substantively unreasonable. Defendant is 47 years old and has no prior criminal history as an adult. Mr. Densmore suggests that guidelines of 262 to 360 months, i.e. 22 to 30 years, substantially exceeds the amount of prison time necessary to adequately punish the Defendant for his conduct, and to deter the Defendant from engaging in this conduct in the future.

The Court is also directed to consider the letters of support offered in support of Mr. Densmore. (Attachments 1, 2, 3 and 4) Mr. Densmore's family is aware of nature and the extent of the wrongdoing for which he now stands accountable.  Mr. Densmore's family supports and has love for him, despite his wrongs.  Mr. Densmore, for many, many years lived a quiet life, abiding by the laws, and keeping to himself.  Mr. Densmore has expressed remorse for his actions and a desire to resume a law-abiding life upon his eventual release from prison.  Mr. Densmore was able to navigate the restrictive and disciplined environment of service overseas in the Army, from which he was honorably discharged. (See Attachment 5)

For all the reasons advanced and contained herein, Mr. Densmore respectfully requests that this Court impose a sentence in this case at the lower end of the guidelines, and in the event the guideline range is Level 40 (292-360 months), that this Court vary downward to achieve a sentence this sufficient, but not greater than necessary, to achieve the ends of the sentencing statute.

Dated October 24, 2024.                          Respectfully Submitted,

                                                 Christopher M. Gibbons
                                                 GIBBONS & BOER
                                                 Christopher M. Gibbons
                                                 2404 Eastern Ave SE
                                                 Grand Rapids MI 49507
                                                 616-460-1587
                                                 cgibbons0003@gmail.com