UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

RICHARD ANTHONY REYNA DENSMORE
(a/k/a "Rabid"),

    Defendant.
_____/

Case No. 1:24-CR-7

Hon. Hala Y. Jarbou
Chief United States District Judge

## GOVERNMENT'S OMNIBUS SENTENCING MEMORANDUM AND OPPOSITION TO A DOWNWARD VARIANCE

Defendant Richard Anthony Reyna Densmore (a/k/a "Rabid") is a notorious figure in the most vile groups and darkest corners of the Internet, having created and led online chat rooms where children were encouraged to cut themselves, bleed for members, and publicly engage in depraved sexual acts. Densmore is a committed member of 764, a network of violent extremists who engage in criminal conduct to, among other things, normalize the possession, production, and sharing of child sexual abuse and gore material to groom children toward future violence. Members of 764 work in concert with one another to corrupt and exploit children, with the goals of destroying civilized society, fomenting civil unrest, and ultimately collapsing the current world order, including the United States Government.

Members of these communities, including Densmore, kept, shared, and bragged about having pictures and videos of children cutting and abusing themselves, which they treated as trophies, social currency, and leverage to extort children into a cycle of continuous abuse. Densmore's phones, seized during search warrants in this case, contain some of the most heinous images and videos the undersigned counsel has had the misfortune of seeing. Just as shocking,

though, is Densmore's complete lack of remorse and recognition of the seriousness of these crimes. *See* Presentence Investigation Report ("PSR") ¶ 31, PageID.324. For the reasons discussed below, the Court should impose a thirty-year sentence—the statutory maximum and a Guidelines sentence—in this case.

**I.    BACKGROUND**

    **A.    Summary Of The Offense Conduct**

Densmore treated the victimization, exploitation, and desensitization of minors as his vocation. With little to no employment, *see* PSR ¶ 69, PageID.330–31, and living off of government benefits, *see id.*, Densmore spent his time becoming infamous in the 764 network for running "Sewer" chat rooms where he and others exploited and abused children. *See* Discord Chat Summary,[1] attached hereto as Exhibit 1 ("Why can't these ppl just let me be famous."); PSR ¶ 17, PageID.321 (noting Densmore ran Discord servers that livestreamed and facilitated the exchange of child sexually abusive material ("CSAM") and self-harm content and created multiple servers "to evade detection because Discord kept shutting them down."); PSR ¶ 64, PageID.321 (noting Densmore advertised Telegram communities where "you can get away with more"). Densmore went into other Discord communities and recruited people to "Sewer" by advertising self-harm and CSAM. *See* Exh. 1 ("youngboy cutshow in vc [video chat] SEWER," "Cutshow in sewer," "Cutshow 13yo female"). He was explicit about his intent to groom children. *See id.* (noting a twelve year old Discord user asked Densmore, "Are you trying to groom me?" to which Densmore replied, "How do you feel about that" before asking the child for virtual sex); *see also id.* (asking

---

[1] The government is providing the actual Discord chat files as Exhibit 2 to this memorandum. The chat files are listed, in order, by the last four digits of the file names provided in Exhibit 1.

another Discord user to "help me groom this little girl"). Through these efforts, Densmore created hives where he and other predators swarmed children.

Densmore and his fellow 764 members were virulent in procuring CSAM and "fansigns"—images and videos of children cutting members' Discord handles or initials in their skin or writing members' Discord handles on their bodies while they engaged in sexually explicit conduct. Densmore collected, bragged about, and used these materials as leverage to exploit children into further violent and sexually abusive activity. *See* Exh. 1 (asking if anyone "[w]ant[s] to see [victim "Jane Doe," a minor] masterbating vid?"). By way of examples only:

- In September 2022, Densmore asked a Discord user to cut his username, "Rabid." The user responded, "nooo i don't like doing cut signs . . . i has too many names on my legs." Densmore responded, "cut rabid."

- In September 2022, Densmore said that he was "[t]he owner of cultist [another 764 Discord server] and 764. I want you to cut for me." The user responded that they did not cut, to which Densmore responded, "You do now. . . . Don't make daddy angry. I'll extort you. . . . I have all your information. I own you . . . You do what I say now kitten."

- In October 2022, Densmore wrote, about children, "I gaslight and make them fucked up. Then they follow me." Densmore said, "We got a girl to cut her ass off on cam. They kill their pets too. Most will do anything for power." When a Discord user told Densmore that there was no reason to abuse people, Densmore wrote, "They beg for it."

Exh. 1. Densmore's extreme conduct made him a sensation in the broader 764 network. *See id.* ("Being discord famous isn't all it's cracked up to be," "Why can't these ppl just let me be famous."). The government previously filed, under restricted access, graphic examples of bleeding cutsigns and 764 imagery that Densmore kept on his phones. *See* Government's Motion in Limine to Admit Evidence of Defendant's 764 Affiliation ("Gov't MIL"), Exh. 1, R.51–1, PageID.247–52 (showing, among other things, "764 Rabid," carved into human skin and actively bleeding); *id.*, Exh. 4, R.51–2, PageID.254–68 (showing, among other things, (1) "Rabid is Rad," cut into human

skin and actively bleeding; and (2) a bloody human leg with a boxcutter and "Sewer" carved into human skin and actively bleeding).

### B.    Densmore's 764 Membership Is Relevant Conduct

Densmore's sexual exploitation of children and his encouraging children to cut themselves were means to express, in action, his ideological commitment to 764. Densmore's membership in 764 and his status in that network constitute relevant conduct that fall within the types of evidence the Court should consider in imposing its sentence. *See* 18 U.S.C. §§ 3553(a), 3661. 764 members, like Densmore, are violent extremists that prey on marginalized communities. *See* FBI, [Violent Online Groups Extort Minors to Self-Harm and Produce Child Sexual Abuse Material](#) (Sept. 12, 2023). Child exploitation and child pornography offenses are not a coincidence but a facet of the 764 ideology. *See* Global Network on Extremism & Technology, [764: The Intersection of Terrorism, Violent Extremism, and Child Sexual Exploitation](#) (Jan. 19, 2024) ("Although the press surrounding this group has focused primarily on child exploitation materials produced by members, the network's ultimate goal is to groom individuals for acts of terroristic violence.").

One of 764's goals is the destabilization of civilized society through the corruption, exploitation, and desensitization of youth. As discussed above, Densmore acknowledged "gaslight[ing] and mak[ing] [children] fucked up" to follow him. Exh. 1. Densmore admits to being desensitized himself. *See id.* ("I'm desensitized to everything," "The stuff I see ppl do is vile. And I just watch it like nothing's wrong."). Simply put, 764 is a "terroristic and violent extremist network."[2] *See* Combating Terrorism Center at West Point, [Nihilism and Terror: How

---

[2] Because the specific Guidelines calculation in this case was already above the statutory cap for the offense of conviction, the government did not press an upward departure theory under Application Note 4 to U.S.S.G. § 3A1.4. *See id.* (stating that an upward departure is warranted if, among other things, "the offense was calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct but the offense involved, or was intended to promote, an offense other than one of the offenses specifically enumerated in

[M.K.Y. is Redefining Terrorism, Recruitment, and Mass Violence](#) (Sept. 2024) (noting that "[t]he 764 network continues to evolve with astonishing rapidity" and describing the network as "representative of the growing hybridization of terrorism and violent extremism"). As discussed above, Densmore touts his membership in the 764 network through his extreme conduct and his collection of 764 imagery and cutsigns. *See also* Gov't MIL, Exh. 2, R.44–1, PageID.206–11 (Densmore Discord Chats Regarding 764). Indeed, while Densmore was detained in this case, the FBI discovered that his password hint at the Ingham County Jail was "764." *See id.*, Exh. 3, R.44–2, PageID.213. 764 is Densmore's ideology and identity. His membership in 764, and his use of heinous child exploitation and gory child abuse to demonstrate his commitment to that group, takes this case well outside the heartland of child exploitation crimes. Densmore weaponized CSAM and other gruesome content to victimize the young and vulnerable members of our communities, all to gain notoriety within a network of individuals who seek to destabilize society, cause social unrest, and accelerate the downfall of the world order.

## II.    THE SENTENCING GUIDELINES

### A.    The Court Should Apply A Five-Level Enhancement Under U.S.S.G. § 4B1.5(b).

The government agrees with the Guidelines calculation in the PSR. *See* PSR ¶¶ 33–44, PageID.326–27. Densmore preserves an objection to a five-level Guidelines enhancement under U.S.S.G. § 4B1.5(b)(1) for engaging in a pattern of activity involving prohibited sexual conduct.

---

18 U.S.C. § 2332b(g)(5)(B)"). Applying U.S.S.G. § 3A1.4, Application Note 4, captures an important aspect of Densmore's culpability even if it does not change the ultimate sentence in this case. While the Court need not decide the issue here, the government believes that the upward departure under U.S.S.G. § 3A1.4, Application Note 4, applies, and will be applied in future cases, given the "significant threat nexus between terrorist and violent extremism content . . . and child sexual exploitation and abuse material" and 764's "ultimate goal . . . to groom individuals for acts of terroristic violence." Global Network on Extremism & Technology, *supra*.

Def. Mem. in Support of Mot. for Variance and Sent. ("Def. Mem."), R.65, PageID.340–46. He is correct to acknowledge, however, that the enhancement applies. *Id.*, PageID.341.

"Prohibited sexual conduct" is defined to include "any offense described in 18 U.S.C. § 2426(b)(1)(A) or (B)"—including advertising the display of CSAM in violation of 18 U.S.C. § 2251(d)—and "the production of child pornography." U.S.S.G. § 4B1.5, cmt. n.4(A). A defendant engages in a pattern of activity involving prohibited sexual conduct "if on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor." *Id.*, cmt. n. 4(B). An "occasion" of prohibited sexual conduct is determined "without regard to whether the occasion (I) occurred during the course of the instant offense; or (II) resulted in a conviction for the conduct that occurred on that occasion." *Id.* The conduct underlying a conviction counts as an "occasion" of prohibited sexual conduct for purposes of § 4B1.5(b). *See, e.g.*, *United States v. Preece*, No. 22-5297, 2023 WL 395028, at *4 (6th Cir. 2023) (holding that the defendant's "offense of conviction provides one occasion of prohibited sexual conduct") (citing *United States v. Wandahsega*, 924 F.3d 868, 886 (6th Cir. 2019) ("Binding caselaw also supports the proposition that the two required occasions of prohibited sexual conduct for § 4B1.5(b)(1)'s enhancement may include the instant offense of conviction.") (collecting cases)).

Because Densmore's offense of conviction counts as one occasion of prohibited sexual conduct with a minor, *see* 18 U.S.C. § 2426(b)(1)(A), the question is whether Densmore engaged in at least one other occasion of prohibited sexual conduct. He did. Densmore violated 18 U.S.C. § 2251(a) by knowingly using, persuading, inducing, enticing, or coercing other minors, including victims Jane Doe 2 and Jane Doe 3, to send him sexually explicit images and videos. *See* PSR ¶ 14, R.64, PageID.320 (Jane Doe 2); *see also* Exhibit 3 (Report of Interview, Jane Doe 3).

6

Densmore's Discord chats make clear that he routinely persuaded, enticed, and coerced children into sending him the kind of CSAM that he acquired from Jane Does 2 and 3.

Densmore further sent notices and advertised, online, that his servers streamed child pornography, in violation of 18 U.S.C. § 2251(d)(1). For example, Densmore sent Discord links with messages like, "[C]heck out this nude 14 yo in vc [video chat]." Exh. 1. Densmore frequently notified other users and advertised when victim Jane Doe, a minor, was engaging in sexually explicit activity in the Sewer server. For example, Densmore told one user to join the video chat because "[Jane Doe] is on cam" and that Jane Doe was "showing her t-ts and about to masturbate in vc." *Id.* These notices and advertisements were clear violations of 18 U.S.C. § 2251(d)(1). *See United States v. Sammons*, No. 2:19-cr-107, 2020 WL 6075714, at *7 (S.D. Ohio Oct. 15, 2020) (discussing the expansive definition of "notice" under § 2251(d)(1)). Densmore's engaging in prohibited sexual conduct with minors on more than two occasions, including the offense of conviction, supports the five-level enhancement under U.S.S.G. § 4B1.5(b).

B.  **The 18 U.S.C. § 3553(a) Factors Support A Thirty-Year Sentence**

Densmore is a remorseless defendant who did unspeakably sadistic things to children in the name of one of the most vile and violent networks on the Internet. The images and videos that Densmore prized self-evidently reflect, more than any argument, the nature and seriousness of the offense. *See* Gov't MIL, Exhs. 1, 4, R.51–1, 51–2; 18 U.S.C. §§ 3553(a)(1), (a)(2)(A). With the advent of technology, the historic distinction of "hands on" predators has eroded and people like Densmore—who reach out and persuade, coerce, and extort children into abusing themselves— are in many ways worse. *See* Exh. 1 (Densmore threatening a Discord user into cutting themselves because, "I have all your information. I own you. . . . You do what I say now kitten."). In his Discord chats, like those included in Exhibit 1, Densmore reveals who he is. *See* 18 U.S.C.

7

§ 3553(a)(1). His sense of self-worth is based on his notoriety in corrupting kids and creating opportunities for others to do the same. He prides himself on staying one step ahead of law enforcement to avoid getting caught and to perpetuate, and participate in, cycles of vicious abuse. *See* Exh. 1 (Densmore stating that when his servers get reported, "[t]hey take months to investigate . . . [and] [b]y that time [i]t's long gone.") The Court's sentence should reflect the need to promote respect for the law and provide just punishment for the offense. *See* 18 U.S.C. § 3553(a)(2)(A).

Densmore does not recognize the gravity of his conduct and thus needs to be told and specifically deterred through the Court's sentence. PSR ¶ 31, R.64, PageID.324–25; 18 U.S.C. § 3553(a)(2)(B). Children need to be protected from people who do not realize that child abuse and child sexual abuse are wrong. PSR ¶ 31, R.64, PageID.324–25 (stating that his conduct was the product of boredom and "trolling"); 18 U.S.C. § 3553(a)(2)(C). And Densmore is not the only one to be deterred. The 764 network is proliferating and Densmore is among the first, but certainly not the last, of its members to face judgment for such heinous criminal conduct. The Court should send a strong message to this growing network of extremists that there will be severe consequences for terrorizing children with broader aims to destabilize society and accelerate the downfall of the world order. *Id.* § 3553(a)(2)(B). The 18 U.S.C. § 3553(a) factors amply support, if not dictate, that Densmore receive a thirty-year sentence.

      **C.**    **The Court Should Deny Densmore's Motion For A Downward Variance**

Densmore argues that the Court should vary downward in light of his history and characteristics (his lack of criminal history, honorable discharge from the military, and family support) and because the Guidelines calculation—particularly, the five-level enhancement under U.S.S.G. § 4B1.5—overstate his continuing danger to the public. Def. Mem., R.65, PageID.342–46. Densmore could not be more dangerous to children. He convinced kids to engage in sadistic

8

and sexually explicit acts—victimizing them and their families—and led online communities and operated server after server that ran on grotesque child abuse. Densmore describes himself as desensitized and, even now, believes he was just "trolling," that his victims were "not affected," that his conduct did not affect his community. PSR ¶ 31, R.64, PageID.324–25. Densmore is unrepentant and every parent's worst nightmare. This case falls so far outside the mine-run of typical child exploitation cases that the 18 U.S.C. § 3553(a) factors, and U.S.S.G. § 3A1.4, Application Note 4, would demand an upward variance and departure, but for the statutory cap.

### III.  CONCLUSION

For the reasons discussed above, the Court should impose a Guidelines sentence and the statutory maximum of thirty years' imprisonment in this case.

Dated: October 28, 2024                         Respectfully submitted,

                                                MARK A. TOTTEN
                                                United States Attorney

                                                /s/ *Adam B. Townshend*
                                                ADAM B. TOWNSHEND
                                                Assistant U.S. Attorney
                                                P.O. Box 208
                                                Grand Rapids, MI 49501
                                                Tel: (616) 456-2404

9