*IN THE UNITED STATES DISTRICT COURT*
*FOR THE WESTERN DISTRICT OF MICHIGAN*
*SOUTHERN DIVISION*

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                              Case No.  1:24-cr-7

RICHARD ANTHONY REYNA DENSMORE,

        Defendant.
_____/

*MOTION HEARING*

*BEFORE THE HONORABLE HALA JARBOU*
*United States District Judge*

*Lansing, Michigan, Monday, April 8, 2024*

APPEARANCES:

For the Plaintiff:    ADAM B. TOWNSHEND
                         U.S. Attorney
                         330 Ionia Ave., NW
                         Grand Rapids, MI 49501-0208
                         (616) 456-2404

For the Defendant:    JAMES STEVENSON FISHER
                         Federal Public Defender
                         50 Louis St. NW, Ste. 300
                         Grand Rapids, MI 49503-2633
                         (616) 742-7420

REPORTED BY:          TRISHA N. CAMERON, CSR, RMR, CRR, RDR
                         Federal Official Court Reporter
                         128 Federal Building
                         Lansing, Michigan 48933

```
1    Lansing, Michigan
2    April 8, 2024
3    2:01 p.m.
4                          PROCEEDINGS
5           THE CLERK:  All rise.  The United States District
6    Court for the Western District of Michigan is now in session.
7    The Honorable Hala Jarbou, Chief District Judge, presiding.
8    All persons having business before this Court draw near, give
9    attention, and you shall be heard.  God save these United
10   States and this Honorable Court.  Thank you.  You may be
11   seated.
12          Now calling the United States versus Richard
13   Densmore, Case No. 1:24-cr--7.
14          THE COURT:  All right.  Good afternoon, everyone.
15   Can I have appearances, please.
16          MR. TOWNSHEND:  Good afternoon, Your Honor.  Adam
17   Townshend on behalf of the United States.
18          MR. FISHER:  Good afternoon, Your Honor.  James
19   Fisher on behalf of Mr. Densmore, who is seated to my right.
20          THE COURT:  All right.  Good afternoon.
21          Good afternoon, Mr. Densmore.  Can you speak up?
22          THE DEFENDANT:  Good afternoon.
23          THE COURT:  You can stay seated.  Just speak up.
24          So this is the date and time set for a motion,
25   Mr. Fisher, that you filed to withdraw.
```

| | |
|---|---|
| 1 | MR. FISHER:  Yes, Your Honor. |
| 2 | THE COURT:  What would you like to put on the record? |
| 3 | MR. FISHER:  Your Honor, I did try to detail at least |
| 4 | the origins of the breakdown in communication between me and |
| 5 | Mr. Densmore.  My office has apparently worked out the |
| 6 | technological issues with delivery of the voluminous discovery |
| 7 | that Mr. Densmore requested.  However, I did confirm with him |
| 8 | prior to the hearing that this is a more specific issue that |
| 9 | is a more general complaint, if that makes any sense.  I think |
| 10 | Mr. Densmore and my communication has broken down to the point |
| 11 | where appointing another attorney would be the best thing in |
| 12 | his interest. |
| 13 | THE COURT:  All right.  Thank you, Mr. Fisher. |
| 14 | Mr. Townshend, I would assume you have no position, |
| 15 | you take no position. |
| 16 | MR. TOWNSHEND:  That's correct, Your Honor. |
| 17 | THE COURT:  All right.  Mr. Densmore, I don't want |
| 18 | you to tell me what sort of discussions you've had with your |
| 19 | attorney.  I don't want any sort of substantive discussions, |
| 20 | but tell me what the breakdown is and why there's a breakdown. |
| 21 | THE DEFENDANT:  Your Honor, I don't feel that we |
| 22 | communicate -- are communicating, are being very productive, |
| 23 | and I feel like maybe I'd get more accomplished if I spoke to |
| 24 | a different attorney. |
| 25 | THE COURT:  Well, Mr. Densmore, I know from my time |

1  here in this Court, and Mr. Fisher has had a lot of cases
2  before me, he is one of if not -- well, one of the most
3  competent and thorough attorneys that you're going to get from
4  the Federal Defender's office.  And I'm not saying the others
5  are not, but he certainly is very capable and very competent
6  in terms of handling any type of case.
7              So is this a personality thing, or is this a
8  substantive -- I mean, because if he's telling you things you
9  don't like, that's different than you all are having
10 disagreements because those are two different things.
11             THE DEFENDANT:  We're having a lack of communication.
12             THE COURT:  What does that mean?
13             THE DEFENDANT:  We're not communicating very well,
14 Your Honor.
15             THE COURT:  Is that, again, because you don't like
16 what he's telling you, or is it because you all are talking
17 over each other?
18             THE DEFENDANT:  I think we're talking over each
19 other.
20             THE COURT:  All right.  You understand,
21 Mr. Densmore, at some point you asked for a court appointed
22 attorney, correct?
23             THE DEFENDANT:  Yes, Your Honor.
24             THE COURT:  Okay.  Have your circumstances changed
25 since the last time you asked for a court appointed attorney?

| | |
|---|---|
| 1 | THE DEFENDANT:  No, Your Honor. |
| 2 | THE COURT:  You can't afford to hire your own |
| 3 | attorney? |
| 4 | THE DEFENDANT:  No, Your Honor. |
| 5 | THE COURT:  And you understand you are free to hire |
| 6 | your own attorney at any point.  You understand that? |
| 7 | THE DEFENDANT:  Yes, Your Honor. |
| 8 | THE COURT:  Okay.  If the Court allows Mr. Fisher to |
| 9 | withdraw and appoints you another attorney, there isn't a sort |
| 10 | of revolving door of attorneys that you can just kind of go |
| 11 | through to figure out who you want to deal with instead of -- |
| 12 | so I don't -- at the end of the day, I don't care if you all |
| 13 | have disagreements, but it's about talking to each other and |
| 14 | being able to communicate and getting the case adjudicated in |
| 15 | one way or another.  All right? |
| 16 | So I'm saying that to you to say if with the next |
| 17 | attorney, if I allow Mr. Fisher to withdraw, if you have the |
| 18 | same issues, then we're going to get to a point where I'm not |
| 19 | going to allow the attorney to withdraw.  Do you understand |
| 20 | that? |
| 21 | THE DEFENDANT:  Yes, Your Honor. |
| 22 | THE COURT:  So I would suggest that you sit down with |
| 23 | the attorney and discuss your case, and if there are issues |
| 24 | about not being able to get something and the logistics, |
| 25 | that's not that attorney not being competent and not being |

1  able to represent you.  There are certainly logistics in terms
2  of showing you certain things as it relates to the evidence,
3  considering that you're in custody.  You understand that?
4         THE DEFENDANT:  Yes, Your Honor.
5         THE COURT:  All right.  We have a trial date that was
6  adjourned from April -- from last week, from April 2nd to
7  June 3rd.  My intention is to proceed with those dates.
8         So I'll allow Mr. Fisher to withdraw.  I'll grant his
9  motion, and we'll ask the Federal Defender to appoint another
10 attorney to represent you.
11        Mr. Fisher, my guess is, is that going to be a CJA
12 attorney?
13        MR. FISHER:  That's the normal process, Your Honor.
14 Probably have somebody reach out to somebody probably today or
15 tomorrow.
16        THE COURT:  Okay. And I assume, because I know the
17 transitions are not very difficult, they're pretty
18 seamless, in terms of you getting whatever you have to that
19 attorney.
20        MR. FISHER:  Correct, Your Honor.  We'll forward
21 everything we have.
22        THE COURT:  Okay.  I'd like to set potentially a
23 status conference, although I don't know the volume of what's
24 involved.  So I want to make it a productive status
25 conference.

1          MR. FISHER:  Your Honor, I can give some insight to
2   the court.  I would say that the material discovery is not
3   terribly voluminous but will require coordination with the
4   prosecutor to do the full viewing.  The additional discovery
5   materials I referenced in my memorandum will probably take a
6   little bit longer for the individual to go through to make
7   sure that they're pertinent.
8          THE COURT:  Okay.
9          MR. FISHER:  I just have as a guess three weeks would
10  probably be what I would suggest.
11         THE COURT:  All right.  That puts us at around
12  April 29th, and really, the final pretrial is only less than a
13  few weeks from that.  So all right.  I know we have a trial,
14  right, April 29th.  Well, honestly, with it being that close
15  to the final pretrial, I'm just going to leave the dates as
16  is.
17         So you can let whoever the next attorney is know that
18  certainly if they would like a status conference, we can
19  schedule one.
20         So for now, we'll leave the dates as is.  Final
21  pretrial May 9th and jury trial June 3rd.
22         Anything else from anyone?
23         MR. FISHER:  No, Your Honor.
24         MR. TOWNSHEND:  No, Your Honor.  Thank you.
25         THE COURT:  All right.  Thank you.

1       THE CLERK:  All rise.  Court is adjourned.
2                 *(Concluded at 2:09 a.m.)*

```
 1                      REPORTER'S CERTIFICATE
 2
 3              I, Trisha N. Cameron, Official Court Reporter for
 4      the United States District Court for the Western District of
 5      Michigan, appointed pursuant to the provisions of Title 28,
 6      United States Code, Section 753, do hereby certify that the
 7      foregoing is a full, true and correct transcript of the
 8      proceedings had in the within entitled and numbered cause on
 9      the date hereinbefore set forth; and I do further certify
10      that the foregoing transcript has been prepared by me or
11      under my direction.
12
13
14                              /s/ Trisha N. Cameron
15                              Trisha N. Cameron
                                CSR, RMR, CRR, RDR
16                              U.S. District Court Reporter
                                128 Federal Building
17                              315 West Allegan Street
                                Lansing, Michigan 48933
18                              (517) 270-4735
19
20
21
22
23
24
25
```